IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>Walter Mangual-Santiago<br><br>Defendant | **CRIM NO.** 03-361-5(RAM) |

**OPINION AND ORDER**[1]

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Walter Mangual-Santiago's ("Defendant" or "Mangual-Santiago") *Motion for Compassionate Release* (Docket No. 1462). For reasons set forth below, the request for compassionate release is **DENIED WITHOUT PREJUDICE.**

I. PROCEDURAL BACKGROUND

On December 16, 2003, Mangual-Santiago was charged with "Conspiracy to Possess with Intent to Distribute and to Distribute Narcotics" in violation of 21 U.S.C. § 846 ("Count 1"), "Conspiracy to Commit Money Laundering" in violation of 18 U.S.C. § 1956(h) ("Count 5"), "Drug Forfeiture Allegation" pursuant to 21 U.S.C. §§

---

[1] Cristina Vázquez-Ramírez, a second-year student at the Inter American University School of Law, assisted in the preparation of this Opinion and Order.

Criminal No. 03-361-5 (RAM)                                         Page 2

853 and 881 ("Count 7"), and "Money Laundering Forfeiture Allegation" pursuant to 18 U.S.C. § 982 ("Count 8"). (Docket No. 2 at 2-13, 16-19, 21-24). On January 17, 2007, after a jury trial, Defendant was found guilty of Counts 1 and 5 and not guilty of Counts 7 and 8. (Docket No. 876 at 1 and 3).

On April 30, 2007, Defendant was sentenced to a 324-month term of imprisonment for Counts 1 and 5. (Docket No. 929 at 2). Defendant's sentence was later reduced to a 262-month sentence pursuant to 18 U.S.C. § 3582(c)(2). (Docket No. 1436). He is scheduled for release on April 7, 2025.[2]

On September 15, 2021, Mangual-Santiago filed a *Motion for Compassionate Release* stating that a combination of factors constitute "extraordinary and compelling reasons" warranting a sentence reduction. (Docket No. 1462). Specifically, he alleges that the deprivation of "significant constitutional rights," amount to an extraordinary reason justifying release. Id. at 5-8. He also alleges that the sentencing disparity between the sentence he received and that which he would have received if sentenced post First-Step Act and sentencing disparities when compared with other similarly situated co-defendants, are also extraordinary circumstances. Id. at 6, 8-11. Further, he avers his age alongside the increased risk of contracting COVID-19 in a prison setting

---

[2] *See* Walter Mangual-Santiago (Register No. 26423-018), Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 2, 2022).

constitute "extraordinary and compelling reasons." Id. at 6. Lastly, Defendant asserts he submitted a request for compassionate release to the Warden of his institution, but the Warden has "failed to afford...the benefits of the First Step Act." Id. at 5.

The Government filed an opposition arguing that Defendant failed to exhaust his administrative remedies before filing his *Motion for Compassionate Release*. (Docket No. 1468 at 2-5). The Government also claims that Mangual-Santiago fails to meet the "extraordinary and compelling reasons" prong meriting release under 18 U.S.C. § 3582 (c)(1)(A). Id. at 6-15.

## II.  ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a court may not modify a final sentence unless a defendant has "fully exhausted all administrative rights to appeal a failure of" the Federal Bureau of Prisons ("BOP") to bring a motion for reduction of sentence on his behalf *or* if thirty (30) days have elapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Even if these conditions are met, there **must still be** "extraordinary and compelling reasons" warranting a reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Here, **Defendant provides no evidence that he has exhausted his administrative remedies with the BOP.** Although Mangual-Santiago alleges he filed a letter requesting compassionate release with the Warden of his institution, he offered no evidence

Criminal No. 03-361-5 (RAM)                                                Page 4

of such request. Furthermore, such allegation is denied by the Government and Defendant has failed to controvert this. Thus, Defendant failed to exhaust administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A)(i). *See e.g.*, <u>United States v. Alvarado-Cosme</u>, 2021 WL 578245, at *1 (D.P.R. 2021); <u>United States v. De Jesús Negrón</u>, 498 F. Supp.3d 275, 276) (D.P.R. 2020).

### III. CONCLUSION

Given his failure to exhaust administrative remedies, Defendant Walter Mangual-Santiago's *Motion for Compassionate Release* is **DENIED WITHOUT PREJUDICE**.

In San Juan, Puerto Rico, this 2nd day of May 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge